IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Roberta Barnett, | ) |
|    Plaintiff, | ) ) ) |
| v. | )   No.   13 C 1992 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) |
|    Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Roberta Barnett, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Roberta Barnett ("Barnett"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its six offices in Illinois, as well as its many offices throughout the United States, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Barnett is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When NCO began repeatedly calling her at the home number that she has had for 35 years, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant NCO's collection actions.

8. Accordingly, on November 21, 2012, one of Ms. Barnett's attorneys at LASPD informed NCO, in writing, that Ms. Barnett was represented by counsel, and

directed NCO to cease contacting her, and to cease all further collection activities because Ms. Barnett was forced, by her financial circumstances, to refuse to pay her unsecured debts. In this letter, the attorneys specifically advised NCO about the phone number that it should stop calling. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant NCO repeatedly called Ms. Barnett directly, including, but not limited to, a telephone call on January 31, 2013, from telephone number 800-735-6588, attempting to collect a delinquent debt.

10. Accordingly, on February 18, 2013, one of Ms. Barnett's LASPD attorneys had to write to Defendant NCO again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Undeterred, Defendant NCO again called Ms. Barnett directly on March 4, 2013, attempting to collect a delinquent debt, and left a message demanding that NCO's call be returned.

12. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Barnett's, agent/attorney, LASPD, told Defendant NCO to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant NCO violated § 1692c(c) of the FDCPA.

17. Defendant NCO's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

20. Defendant NCO knew that Ms. Barnett was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant NCO to cease directly communicating with her. By directly calling Ms. Barnett, despite

4

being advised that she was represented by counsel, Defendant NCO violated § 1692c(a)(2) of the FDCPA.

21. Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692d Of The FDCPA – Harassment And Abuse Through Improper Telephone Calls

22. Plaintiffs adopt and reallege ¶¶ 1-13.

23. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, repeatedly calling "any person at the called number" without any lawful purpose, see 15 U.S.C. § 1692d.

24. Defendant NCO, by repeatedly calling Ms. Barnett's home phone number, after being specifically told not to call that number, engaged in conduct, the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

25. Defendant NCO's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Roberta Barnett, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

5

      2.      Enter judgment in favor of Plaintiff Barnett, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

      3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Roberta Barnett, demands trial by jury.

> Roberta Barnett,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated: March 14, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com